Rodríguez Brothers, Appellants, *v.* Registrar of San Juan, Respondent.

Appeal from a Decision of the Registrar of Property Refusing to Record a Deed of Partition.

No. 484.—Decided July 29, 1921.

Record of Title—Partition—Jurisdiction.—A partition of an estate made by two partitioners appointed *in solidum* by the testatrix is not void *per se* for the reason that one of the partitioners was an heir. If the partition were voidable its annulment should be adjudged by a court of justice at the instance of an interested person and not by the registrar of property.

The facts are stated in the opinion.

Mr. *I. Hernández* for the appellants.

The respondent appeared by brief.

Mr. Chief Justice Hernández delivered the opinion of the court.

María Ignacia Vega died on September 25, 1900, after having made a will on March 10, 1898, and in November of 1901 the partitioners whom she appointed divided her estate and the division was approved by the court on motion of the interested persons made in accordance with section 1079 of the Code of Civil Procedure then in force.

The said partition was presented in the Registry of Property of San Juan, Section 1, for recording the shares which had been allotted in a certain rural property to the heirs Guadalupe Hernández Vega, Agustina Hernández Vega and Mariano Rodríguez Carrasquillo, and the registrar refused to record them by his decision of September 20, 1920, as follows:

"Record of the foregoing document is refused because the partition made by the partitioners, one of whom is Juan José Rodríguez Vega who is also an heir, is null and void in accordance with section 1057 of the Spanish Civil Code, the defect not disappearing by reason of the approval thereof by the court, and the fact that the

persons interested signed the motion for approval, as expressed in the order, some for themselves and others by their lawful representatives, can not be considered as a formal ratification, a cautionary notice having been entered in its stead for the lawful term.''

We do not agree with that decision.

It is true that María Ignacia Vega in the tenth clause of her will appointed as testamentary executors and partitioners *in solidum* her son Juan José Rodríguez and her son-in-law José González Cruz, who made the said partition. And also section 1057 of the Spanish Civil Code, the same as section 1024 of the Revised Civil Code, provides that ''the testator may, by an act *inter vivos* or *causa mortis,* intrust the mere power of making the division after his death to any person who is not one of the co-heirs.'' But in this case it must be borne in mind that the partitioners were appointed *in solidum,* and therefore either of them without the intervention of the other could have carried into effect the commission given by the testatrix.

We do not see how the intervention in the partition of an heir not qualified to be a partitioner could make the partition necessarily void *per se.* The partition, at most, would be voidable, but its annulment should be adjudged by a court at the instance of an interested person.

The decision appealed from must be reversed and the record ordered.

*Reversed.*

Justices Wolf, Del Toro and Aldrey concurred.
Mr. Justice Hutchison dissented.